FILED
SUPERIOR COURT
OF GUAM

2020 MAR -3 PM 1: 18

CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>MINORICHY NISAR T. RUGANTE, ET AL.,<br><br>Defendants. | Superior Court Case No. <u>CF0023-14</u><br><br>**DECISION AND ORDER RE DEFENDANT MINORICHY RUGANTE'S MOTION TO MODIFY BAIL CONDITIONS** |

The Court here considers whether to release Defendant Minorichy Rugante on conditions pending trial. Finding that Rugante poses a serious danger to the community, the Court DENIES Rugante's Motion to Modify Bail Conditions.

## I. **PROCEDURAL HISTORY**

1. Since January 14, 2014, Defendant Minorichy Rugante has been committed on $250,000 cash bail.

2. A jury convicted Rugante of two counts of First Degree Criminal Sexual Conduct and Kidnapping. *People v. Rugante*, 2019 Guam 23 ¶ 2.

3. However, the Guam Supreme Court reversed the convictions. *Rugante*, 2019 Guam 23. The Supreme Court held that the Prosecution failed to disclose exculpatory material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and ordered a new trial on remand. *Id.*

ORIGINAL

4. Now on remand, Rugante asserted his right to a speedy trial, and this Court has scheduled the trial for April 27, 2020.

5. Pending the trial, Rugante seeks to be released to third party custodians, Rugante's sister and aunt. The proposed custodians were found to be appropriate, but the Probation Division recommended the release to be inappropriate due to the lack of a land line and the severity of charges.

6. Rugante has an extensive criminal record.

   a. He served two years of incarceration after pleading guilty to Aggravated Assault in CF0092-07.

   b. He served one year of incarceration after pleading guilty to Aggravated Assault in CF0233-10.

   c. He pled guilty to Disorderly Conduct in CM0383-13, Family Violence in CM0426-13 and Disorderly Conduct in CM0665-13.

## II.    LAW AND DISCUSSION

Guam law requires a court to order a person "charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b). Moreover, the judge shall consider:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
>
> (2) the history and characteristics of the person charged, including:
>
> > (i) length of his/her residence on Guam;
> >
> > (ii) his/her employment status and history, and financial



condition;

(iii) his/her family ties and relationships;

(iv) his/her reputation, character and mental and physical condition;

(v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;

(vi) his/her history relating to drug or alcohol abuse;

(vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other Court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c). The law further instructs the Court, should it not release a defendant on his own recognizance, to impose the least onerous condition such as placing the person in the custody of a third party custodian, restricting the defendant's movements, requiring the execution of a bond, imposing a curfew, or any other condition reasonably necessary to assure the appearance of the defendant as required and the safety of any other person and the community. 8 GCA § 40.20.

The Court will now consider the relevant factors.

ORIGINAL

### 1. Nature of the Offense Charged, Apparent Possibility of Conviction

Rugante faces counts of First Degree Criminal Sexual Conduct and Kidnapping. The allegations that Rugante and others intentionally and forcibly sexually penetrated the victim in this case raise community safety concerns of the highest level.

During this new trial, however, the People do not expect the victim to testify. While this may have some impact on the possibility of conviction, the People intend to call other witnesses with knowledge of Rugante's involvement in the alleged criminal acts. The Court therefore finds that despite the possible absence of the victim at trial, there is still a possibility of conviction.

### 2. History and Characteristics of Person Charged

Rugante has a long criminal history. Prior to being charged in this case, he pled guilty to assault, family violence, and disorderly conduct charges in five separate cases and agreed to serve three years of incarceration. Three of those cases occurred within a year prior to the charges in this case. Based on this pattern, the Court is convinced that but for his confinement for the past six years, Rugante would likely have continued to amass criminal charge after criminal charge.

### 3. Nature and Seriousness of the Danger the Person Would Pose to the Community or to any Individual Member thereof if Released

As just described, Rugante faces the highest degree of criminal sexual conduct charges. If those charges are proven, Rugante poses a grave danger to the community, even if the victim is no longer present on Guam.

### 4. Other Factors

At the motion hearing, the Court inquired as to whether the length of detention impacted the Court's release analysis. Rugante filed additional briefing which argued that federal law recognizes that excessive delay in bringing a matter to trial is presumptively prejudicial. Suppl.



Briefing (Feb. 24, 2019). Rugante also attributes this delay to the Prosecution's insistence on not disclosing the *Brady* material. *Id.*

Guam law does not include the length of detention as a factor for the Court's consideration, although federal law does take it into consideration in release motions. "Although the length of pretrial detention is one factor courts are to consider, it alone is not dispositive and carries no fixed weight in a due process analysis." *United States v. Stanford*, 722 F. Supp. 2d 803, 807 (S.D. Tex.), *aff'd*, 394 F. App'x 72 (5th Cir. 2010). While six years of pretrial detention may be excessive, the Court finds this factor is outweighed by the seriousness of the charges, Rugante's considerable criminal history, the danger to the community he poses if released, the imminent trial date, and the fact that this case has not been dormant but rather active through heavy motion practice and on appeal. Even the appropriateness of the third party custodians does not assuage or overcome the Court's concerns as to Rugante's risk of danger to the community.

## III.   CONCLUSION

The Court has considered the four primary factors for release and determines that Rugante does not qualify for release. He shall remain confined on cash bail set at $250,000.

SO ORDERED this 3rd day of March 2020.

SERVICE VIA COURT E:.
I acknowledge that a copy of original hereto was placed in i. court box of:
_____ 2) W -POLE

MAR 0 3 2020
Date: _____ Time: 1-20
Deputy Clerk, Superior Court of Guam

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Assistant Attorney General Sean Brown for The People of Guam
William Benjamin Pole, Law Offices of Gumataotao & Pole, PC, for Defendant Minorichy Rugante
Douglas Moylan, Law Offices of Douglas Moylan, for co-Defendant Francis Madeus


ORIGINAL